NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1820
_____

CATHERINE P. FERNANDEZ,
                                        Appellant

v.

BOARD OF PEMBERTON TOWNSHIP;
PEMBERTON TOWNSHIP H.S.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-20-cv-08600)
District Judge:  Honorable Renée M. Bumb
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 23, 2021
Before:  MCKEE, SHWARTZ, and RESTREPO, Circuit Judges

(Opinion filed: December 16, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Catherine Fernandez appeals from an order of the United States District Court for the District of New Jersey, which dismissed her complaint for failure to state a claim upon which relief could be granted. We will affirm the District Court's judgment.

Fernandez filed a complaint in July 2020, alleging that the Board of Education of Pemberton Township and the Pemberton Township High School discriminated and retaliated against her from September 2005 to 2018, when Fernandez's daughter was a student at Pemberton High School. Dkt. #1. The District Court noted that her claims appeared to be time-barred, as the complaint was filed more than two years after Fernandez' daughter graduated in June 2018. Order, Dkt. #2. The District Court also noted that the complaint failed to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claims" asserted. Id. The Court gave Fernandez 30 days to amend the complaint, and later granted her additional time to file an amended complaint. Dkt. #5.

Fernandez's amended complaint raised federal civil rights claims of discrimination and retaliation and state law claims against the defendants. Fernandez stated that the complaint was based on incidents that "happened from 2005 to 2020," but the complaint only mentions dates past 2018 in four places: (1) "The defendants hired a lawyer to express their disregard to the plaintiff until 2020," Dkt. #7 at 51; (2) "The plaintiff engaged in a protected activity to intervene to protect her child by reporting injuries, sexual assault, sexual harassment, and disability harassment against her child from 2005-

2

2020," id. at 58; (3) "The plaintiff's disabled child graduated in 2018; however, the defendants engaged in disregard to the plaintiff through the defendant's lawyer until 2020," id.; and (4) "They used an attorney until February 2020 to continue to cause the plaintiff distress. Where the plaintiff learned in February 2020 the extent her disabled child's demoralization and low self-esteem from the defendant's many years of deliberate indifference," which caused Fernandez to have "thoughts of suicide for failing to protect her disabled child from the defendants," id. at 60.

The District Court determined that Fernandez's claims were time-barred and that equitable tolling of the period of limitations was not warranted. Opinion, Dkt. #12 at 3-4. The District Court also concluded that the amended complaint did not meet the requirements of Fed. R. Civ. P. 8, as the complaint consisted largely of legal conclusions that were not connected to any conduct by the defendants. Dkt. #12 at 5-6. The District Court dismissed the amended complaint with prejudice for failure to state a claim. Id. at 6. The Court also determined that because the claims were time-barred, further leave to amend would be futile. Id. Fernandez timely appealed.[1]

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal of the amended complaint under 28 U.S.C. § 1915(e)(2)(B) is

---

[1] Fernandez also filed a motion for reconsideration in the District Court. We lack jurisdiction to review the District Court's denial of that motion, as Fernandez did not appeal from that order. See Fed. R. App. 4(a)(4)(B)(ii).

plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "We may affirm a district court for any reason supported by the record." Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

We agree with the District Court that Fernandez's constitutional claims and state law claims are all governed by a two-year statute of limitations. See Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010); Save Camden Public Sch. v. Camden City Bd. of Educ., 186 A.3d 304, 309 (N.J. Super. Ct. App. Div. Apr. 2018).

Fernandez argues that the District Court erred in dismissing her suit as untimely mainly for two reasons.[2] First, she argues that the District Court should have applied equitable tolling to the two-year period of limitations. But we agree with the District Court that even if Fernandez were having some mental health difficulties during the limitations period, they did not prevent her from making filings in her daughter's federal lawsuit during that period. Second, she argues that the District Court should have applied a six-year period of limitations that applies to breach-of-contract claims. But even if

_____

[2] To the extent that Fernandez argues that any incidents occurred within the period of limitations, or that some type of continuing violation doctrine should apply to render her claims timely, we disagree. Fernandez's vague allegations that the defendants used an attorney in 2020, or that she discovered the extent of her daughter's emotional damage within the period of limitations, cannot state a claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (explaining that a plaintiff's complaint must contain more than "labels and conclusions").

4

Fernandez had pleaded a valid, timely, breach-of-contract claim in her amended complaint (she did not),[3] such a claim would arise under state law. Because the only claims over which the District Court had original jurisdiction—that is, her federal claims—were time-barred, the District Court could properly decline to exercise supplemental jurisdiction over any state law claims that might be timely. See 28 U.S.C. § 1367(c)(3).

We also agree with the District Court that even if the claims were timely, Fernandez's amended complaint did not state a claim upon which relief could be granted. Fernandez did not make any plausible claims that the defendants discriminated against her or retaliated against her. Fernandez' amended complaint explained the emotional distress that she felt because of the way she believed the school treated her and her daughter. But no allegations support her conclusory statements that the defendants discriminated against her because of a protected ground or retaliated against her in some way prohibited by the Constitution or federal statutes. See Iqbal, 556 U.S. at 678-80.[4]

For these reasons, we will affirm the District Court's judgment.[5]

---

[3] Fernandez's conclusory statement that "[t]he defendants breached a Parent-Student-School agreement" is not sufficient to state a claim. See Twombly, 550 U.S. at 555.

[4] Fernandez also challenges the District Court's order denying her motion for appointment of counsel. Because her claims are all time-barred, the District Court did not abuse its discretion in denying her motion. See Tabron v. Grace, 6 F.3d 147, 153, 155 (3d Cir. 1993).

[5] Fernandez has filed a motion to extend the time to file a reply brief, App. Dkt. #15, and

5

a motion for appointment of pro bono counsel, App. Dkt. #16.  Appointment of counsel is not warranted, as her claims are time-barred.  <u>See</u> <u>Tabron</u>, 6 F.3d at 153.  And because she seeks an extension of time in order for appointed counsel to file a reply brief, we deny that motion, too.